**FILED**

FEB 1 4 2013

CLERK

SOUTH DAKOTA DISTRICT COURT
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| FIRST BANK & TRUST d/b/a FIRSTLINE FUNDING GROUP | \* \* \* \* | |
| PLAINTIFF, | \* \* | CIV. 13- 4017 |
| VS. | \* \* | COMPLAINT |
| GREENE ENTERPRISE, LLC, JAMES GREENE, And RESOLUTE FOREST PRODUCTS, | \* \* \* \* \* | |
| DEFENDANTS. | \* \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, for its Complaint against Defendants, states and alleges as follows:

## GENERAL ALLEGATIONS

1.      That Plaintiff is a South Dakota banking corporation.

2.      That Defendant Greene Enterprise, LLC ("Greene Enterprise") is a Tennessee limited liability company.

3.      That Defendant James Greene ("Greene") is a resident of the state of the State of Georgia.

4.      That Defendant Resolute Forest Products is a business entity doing business in and maintaining a business office in the State of Tennessee.

5.      That venue and jurisdiction are proper based on 28 U.S.C. 1332.

6.      Plaintiff and Defendant Greene Enterprise entered into a Factoring and Security Agreement and Guaranty Agreement on or about June 13, 2011, respectively, wherein Plaintiff agreed to purchase certain acceptable accounts of Greene Enterprise on a recourse basis.

7.      That pursuant to 9-406 of the Uniform Commercial Code as adopted in the State of South Dakota, Plaintiff is the assignee and owner of all Greene Enterprise accounts with the sole right to collect the proceeds thereof.

8.      That pursuant to Section 11.4 of the contract between the parties, Greene Enterprise and Green represented that all accounts were bona fide existing obligations.

1

9.      That Defendants Greene and Greene Enterprise prepared and sent multiple sets of inflated invoices to Plaintiff for purchase.

10.     Defendant Greene, operating as a principal of JRS, created inflated, false and fraudulent invoices to induce Plaintiff to purchase accounts and advance Greene Enterprise money stemming therefrom.

11.     Defendant Greene Enterprise has been paid directly from Defendant Resolute Forest Products ("Resolute") for certain valid invoices and failed to remit those funds back to Plaintiff pursuant to the Agreement between the parties and the statutory notification of assignment.

12.     That Plaintiff attaches a true and correct copy of the Factoring and Security Agreement between the Plaintiff and Greene Enterprise hereto as Exhibit "A" and incorporates the same by reference herein.

13.     That Plaintiff attaches a true and correct copy of the Guaranty Agreement between Plaintiff and Defendant Greene as Exhibit "B" and incorporates the same by reference herein.

14.     That the Agreement by and between the parties provide that the Plaintiff is allowed to collected and charge it's attorney's fees arising from any dispute or collection out of the Factoring and Security Agreement and Guaranty Agreement between the parties.

## FIRST CAUSE OF ACTION
(Action on Breach of Contract and Debt of Defendants to Greene Enterprise and Greene Plaintiff)

15.     Plaintiff re-alleges and incorporates all paragraphs and allegations previously set forth herein.

16.     That Defendants also breached their contract and agreement with Plaintiff by materially misrepresenting the validity and bona fide nature of accounts submitted for purchase and by retaining funds belonging to the Plaintiff as the assignee.

17.     That the total obligations of the Defendants to Plaintiff is currently $572.808.97, excluding interest, prejudgment interest, any award for punitive damages, costs and accrued attorney's fees.

18.     That Plaintiff has charged back the inflated and fraudulent invoices and cash advanced stemming therefrom against Defendants but Defendants have not repurchased or otherwise repaid Plaintiff therefor.

19.     That Defendants have failed to pay or turn over funds paid directly to it for which Plaintiff was the lawful assignee.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment of Greene and Greene Enterprise)

20.    Plaintiff re-alleges all paragraphs and allegations previously set forth herein.

21.    That Defendants have been unjustly enriched by being paid for the fraudulently prepared and inflated invoices sold by Defendant Greene Enterprise to Plaintiff.

22.    That Defendant Greene Enterprise and Greene have been unjustly enriched by receiving funds from the Plaintiff for purchased accounts and then receiving more proceeds than Plaintiff can collect from Greene Enterprise account debtors.

23.    That Defendants Greene Enterprise and Green have received funds advanced based on fake, inflated and fraudulent accounts from Plaintiff, and based on the conversion of account proceeds, used the funds for said Defendants' benefit, and retained said payments for the fraudulent accounts purchased at the expense of and to the detriment of the Plaintiff and to the benefit of said Defendants.

## THIRD CAUSE OF ACTION
### (Action to Enforce and Foreclose on Plaintiff's Security Interest of Greene Enterprise)

24.    Plaintiff re-alleges all paragraphs and allegations previously set forth herein.

25.    To secure Greene Enterprise's performance of the Factoring and Security Agreement at issue herein, the Plaintiff made a UCC-1 filing evidencing and perfecting its lien on "all assets" of Greene Enterprise.

26.    Pursuant to the Factoring and Security Agreement and Article 9 of the Uniform Commercial Code as enacted in all relevant jurisdictions (the "UCC"), Greene Enterprise granted to Plaintiff a security interest in all assets of the Debtor (the "Collateral").

27.    Plaintiff perfected its security interest in the Collateral by filing the applicable UCC-1 financing statement with the Tennessee Secretary of State filing office.  (See Exhibit "C").

28.    Under the Factoring and Security Agreement and Section 9-601 of the UCC, Defendants default under the Factoring Agreement also constitutes a default under the Security Agreement. Under the Security Agreement and Sections 9-601 and 9-609 of the UCC, as adopted in South Dakota, the Plaintiff, as a Secured Party is entitled to enforce its security interest in the Collateral, including by taking immediate possession of the Collateral by judicial or non-judicial means.

## FOURTH CAUSE OF ACTION
### (Actual Fraud and Fraud In the Inducement)

29.     Plaintiff re-alleges all paragraphs and allegations previously set forth herein.

30.     Defendants Greene and Greene Enterprise have perpetrated actual fraud by inflated invoices and supporting documentation thereto and submitting the same for purchase to the Plaintiff knowing the purported invoice sums were not due and owing and by converting account proceeds that are the property of Plaintiff.

31.     As a result of the fraud of said Defendants, the Plaintiff has suffered compensatory and consequential financial damages.

32.     That Plaintiff is entitled to an award of punitive damages for Defendants' fraudulent creation of fake invoices and supporting documentation in the sum of $100,000.00.

33.     That Plaintiff materially relied on the warranties and covenants of said Defendants in the Factoring Agreement stating that all accounts submitted would be in a bona fide nature, and said Defendants' creation of fake and fraudulent invoices has caused Plaintiff to detrimentally rely on such covenants and suffer damages by said Defendants' fraudulent actions.

FIFTH CAUSE OF ACTION
(Action on Personal Guaranty)

34.     Plaintiff re-alleges all paragraphs and allegations previously set forth herein.

35.     That Defendant Greene executed a personal guaranty unconditionally guaranteeing and agreeing to pay all obligations owed by Greene to Plaintiff.

36.     That a true and correct copy of this Guaranty is attached hereto as Exhibit "B" and incorporated by reference herein.

37.     That Defendant Greene are obligated to pay any amounts owed by Greene Enterprise and that the Court may award by judgment owing to Plaintiff by Greene Enterprise.

38.     That Greene's guaranty was unconditional and irrevocable and was not revoked.

SIXTH CAUSE OF ACTION
(Conversion of Defendant Greene and Greene Enterprise)

39.     Plaintiff re-alleges all paragraphs and allegations previously set forth herein.

40.     Defendants Greene and Greene Enterprises assigned all of their accounts and the proceeds thereof to Plaintiff pursuant to 9-406 of the Uniform Commercial Code.

41.     Defendants received advances from the sale of said accounts while giving Plaintiff the sole authority to collect the proceeds of accounts from account debtors, including Defendant Resolute.

42.     Defendants Greene and Greene Enterprise received the proceeds of accounts from Defendant Resolute, retained said funds, and failed to remit said funds to Plaintiff.

43.     Defendants Greene and Greene Enterprise converted the accounts and proceeds sold and assigned to Plaintiff.


## SEVENTH CAUSE OF ACTION
(Defendant Resolute's Failure to Pay Pursuant to Statutory Notification)

44.     Plaintiff re-alleges all paragraphs and allegations previously set forth herein.

45.     Plaintiff notified Defendant Resolute pursuant to 9-406 of the Uniform Commercial Code as adopted in all relevant jurisdictions.

46.     Defendant Resolute received Plaintiff's Notification of Assignment, a copy of is attached hereto as Exhibit "D".

47.     Defendant Resolute paid pursuant to the Notification and then stopped doing so.

48.     Defendant Resolute has paid not less than $262,000.00, and upon information and belief, may have paid more, in an amount to be proven at trial, improperly and in contravention of the Notification.

WHEREFORE, Plaintiff prays as follows:

1.     For a joint and several judgment against Defendants Greene and Greene Enterprise named herein in a sum to be proven at trial and in a principal sum not less than $572,808.97.

2.     For judgment against Defendant Resolute in a sum to be proven at trial but in no less than a principal sum of $262,609.29.

3.For an award for punitive damages for the Defendants actual fraud perpetrated against Plaintiff.

4.     For an award of its attorney's fees and costs incurred in this action pursuant to the contract between Plaintiff and Defendants Greene and Greene Enterprises.

5.     For an order piercing the company veil and allowing the Plaintiff to collect its judgment against Greene and Greene Enterprises indivisibly.

6.     For such other and further relief as the Court may deem just and equitable.

Dated this 17 day of February, 2013.

JENCKS & JENCKS, P.C.

By_____

David J. Jencks
121 North Egan
PO Box 442
Madison, SD 57042
Phone: 605.256.0121
davidjencks@jenckslaw.com
Attorneys for Plaintiff

6