

FILED
DEC 04 2013

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| FIRST BANK & TRUST d/b/a FIRSTLINE FUNDING GROUP, | \* \* \* \* | CIV. 13-4017 |
| Plaintiff, | \* \* | |
| vs. | \* \* \* | MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS |
| GREENE ENTERPRISE, LLC, JAMES GREENE, and RESOLUTE FOREST PRODUCTS, | \* \* \* | |
| Defendants. | \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court is Defendant Resolute Forest Products' unopposed motion to dismiss for lack of personal jurisdiction and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). (Docket 7.) For the reasons set forth below, the motion will be granted.

## FACTUAL BACKGROUND

Plaintiff First Bank & Trust (Bank), a South Dakota banking corporation, brought this diversity action against defendants Greene Enterprise, a Tennessee limited liability company, James Greene (Greene), a resident of Georgia, and Resolute Forest Products (Resolute), a company that conducts business and maintains an office in Tennessee. The Bank's Complaint alleges that it entered into a factoring agreement with Greene and Greene Enterprise whereby it became the assignee and owner of all Greene Enterprise accounts with the sole right to collect the proceeds thereof. The Bank claims that it notified Resolute of the assignment of Greene Enterprise accounts, but Resolute paid Greene Enterprise rather than the Bank for certain invoices, and Greene Enterprise failed to remit those funds back to the Bank pursuant to the factoring agreement. In its complaint, the Bank asserts a cause of action against Resolute for failure to pay pursuant to statutory notification.

The pertinent facts, according to the complaint, are as follows:

Plaintiff Bank is a South Dakota banking corporation. Defendant Greene Enterprise is a Tennessee limited liability company. Defendant Greene is a resident of Georgia, and defendant Resolute is a business entity doing business in and maintaining an office in Tennessee.

On June 13, 2011, the Bank and Greene Enterprise entered into a factoring and security agreement and guaranty agreement whereby the Bank agreed to purchase certain accounts of Greene Enterprise on a recourse basis. As the assignee and owner of all Greene Enterprise accounts, the Bank has the sole right to collect the proceeds thereof.

Greene prepared and sent false, inflated invoices to the Bank for purchase. Greene Enterprise has been paid directly from Resolute for certain valid invoices and failed to remit the funds to the Bank pursuant to the agreement between Greene and the Bank.

The facts set forth by Resolute in the Declaration of Jacques P. Vachon, the senior vice president of corporate affairs and chief legal officer of Resolute, are:

Resolute FP US Inc. produces paper and pulp products. It is a Delaware corporation registered to do business in Tennessee. Resolute FP US Inc. had a business relationship with Greene Enterprise in the state of Tennessee, with no connections to the state of South Dakota. Greene Enterprise was one of the carriers that provided transportation delivery services for Resolute FP US at its Calhoun mill in Tennessee. Resolute FP US Inc. was not a party to the agreement between the Bank and Greene Enterprise, and it has never entered into an agreement with the Bank. In regard to the company's lack of ties to South Dakota, Vachon states: Resolute FP US Inc. is not registered to do business and it does not do business in South Dakota; it does not own or lease any real or personal property, nor does it have any facilities in South Dakota; it does not have bank accounts and it has not borrowed money in South Dakota; it has no relationship with the Bank; it has no phone listing or mailing address in South Dakota; a review of Resolute's records since 2010 shows it has not paid any taxes or filed a sales tax return in South Dakota during that time; it does not have any officers, employees, or agents operating in South Dakota; it does not purchase advertising in South Dakota or target advertising specifically toward South Dakota.

The Bank attempted to serve its summons on Resolute FP US Inc. in Tennessee, but Vachon states that, to the extent the Bank's action may be against Resolute Forest Products Inc., Resolute Forest Products Inc. is the parent company of Resolute FP US Inc. It is a Delaware corporation with its main office in Montreal, Quebec, Canada. It does not do business and is not registered to do business in South Dakota. It maintains a website that is not specifically or intentionally targeted at South Dakota or its residents. Resolute Forest Products Inc. had no business dealings with Greene or Greene Enterprise.

## DISCUSSION

An action can be dismissed, following a motion by defendants, for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that [the defendants] can be subjected to jurisdiction within the state." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (internal quotations omitted). If personal jurisdiction is contested, "the plaintiff has the burden of proving facts supporting personal jurisdiction." *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008). The plaintiff "need[] only make a prima facie showing of jurisdiction." *Id.* This prima facie showing must be tested, not by the complaint alone, but by the affidavits and exhibits presented with the motion to dismiss and in opposition to the motion to dismiss. *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259-260 (8th Cir. 1974). The court must "view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in its favor in deciding whether the plaintiff made the requisite showing." *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011).

The determination of whether a court has personal jurisdiction over a non-defendant is normally a two-step analysis. *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995). First, the applicable state long-arm statute must be satisfied, and second, the court's exercise of jurisdiction must comport with due process. *Id.* South Dakota construes its long-arm statute to confer jurisdiction to the fullest extent permitted by the Due Process Clause. *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994). As such, the analysis collapses into one step: the due process analysis. *Id.*

3

Due process requires that a defendant have "minimum contacts" with the State such that maintaining the suit "does not offend 'traditional notions of fair play and substantial justice.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The nonresident defendant's conduct and connection with the forum state must be such that he "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp.*, 444 U.S. at 297. To evaluate personal jurisdiction under the due process clause, the Court must consider five factors: (1) the nature and quality of the defendant's contacts with South Dakota; (2) the quantity of its contacts with this state; (3) the relation of the cause of action to the contacts; (4) the interest of South Dakota in providing a forum for its residents; and (5) the convenience of the parties. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996); *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983). The latter two issues are secondary and of less importance than the first three factors. *Id.* When judging minimum contacts, a court should focus on "the relationship among the defendant, the forum, and the litigation." *Id.* (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

Here, the Bank did not allege contacts between Resolute and South Dakota in its complaint. Furthermore, the Bank failed to oppose Resolute's motion to dismiss and, thus, has not carried its burden of establishing jurisdictional facts through sworn affidavits or other competent evidence. Resolute's uncontroverted evidence shows that Resolute has no contacts with the state of South Dakota. There is no evidence that Resolute purposely directed activities toward South Dakota, or that the company conducted activities here. The secondary considerations of the convenience of the parties and South Dakota's interest in providing a forum for its residents do not compel the Court to exercise jurisdiction over Resolute in this case.

The Bank has not made a prima facie showing of jurisdiction over Resolute sufficient to support the exercise of personal jurisdiction over the defendant in this Court. Having determined that no minimum contacts exist to exercise jurisdiction over Resolute, after considering the totality of the circumstances, the applicable law and specific factors for evaluation, this Court determines that due process considerations preclude it from having jurisdiction over Resolute in this case. Accordingly,

**IT IS ORDERED** that Resolute Forest Products' motion to dismiss (Docket 7) is granted.

Dated this 3rd day of December, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Colleen Schulte
Deputy

5