UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

JUL 2 5 2014

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| FIRST BANK & TRUST d/b/a | * | CIV. 13-4017 |
| FIRSTLINE FUNDING GROUP, | * | |
| | * | |
| Plaintiff, | * | |
| | * | MEMORANDUM OPINION AND |
| vs. | * | ORDER REGARDING MOTION |
| | * | FOR DEFAULT JUDGMENT |
| GREENE ENTERPRISE, LLC, and | * | |
| JAMES GREENE, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending before the Court is Plaintiff's Motion for Default Judgment. (Doc. 21.) The Court needs more information in order to rule on the motion.

## FACTUAL BACKGROUND

On February 14, 2013, plaintiff First Bank & Trust (Bank), a South Dakota banking corporation, brought this diversity action against defendants Greene Enterprise, a Tennessee limited liability company, and James Greene (Greene), a resident of Georgia. The Complaint alleges that Bank entered into a factoring and security agreement with Greene and Greene Enterprise wherein Bank agreed to purchase accounts of Greene Enterprise on a recourse basis. Pursuant to the agreement, Bank became the assignee and owner of all Greene Enterprise accounts with the sole right to collect the proceeds thereof. Bank claims that Greene, operating as a principal of Greene Enterprise, created and sent multiple inflated, false and fraudulent invoices to induce the Bank to purchase accounts and advance money to Greene Enterprise. The complaint asserts five causes of action against Green and Greene Enterprise: 1) breach of contract; 2) unjust enrichment; 3) enforcement of security interest; 4) fraud; and 5) conversion. Bank also seeks payment from Greene pursuant to a personal guaranty he allegedly signed, obligating him to pay Bank any amounts owed by Green Enterprise.

The record shows that Greene and Greene Enterprise were properly served with the summons and complaint on March15, 2013, by serving copies on James Greene, owner of Greene Enterprise. (Doc. 16.)  The Court granted two requests by Greene for a 30-day extension of time to answer the complaint.  (Docs. 11, 13.)  The requests could not be granted as to Greene Enterprise because Greene is not a lawyer and he cannot appear on behalf of the company.  *See Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001); *United States v. 9.19 Acres of Land, More or Less, in Marquette County, Michigan*, 416 F.2d 1244, 1245 (6th Cir.1969) ("The United States District Court was clearly correct in ruling that a corporate president may not represent his corporation before a federal court. 28 U.S.C. § 1654 (1964), which provides that 'parties may plead and conduct their own cases personally or by counsel * * *,' has been uniformly construed to mean that a corporation cannot appear otherwise than through an attorney.").  Greene and Greene Enterprise have failed to file an answer to the complaint.  On September 27, 2013, Bank filed a Motion for Default Judgment.  The Court interpreted it as a request for the Clerk of Court to enter default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  Default was entered by the Clerk on October 2, 2013.

The pending motion for default judgment was filed on March 14, 2014.  As of today, neither Greene nor Greene Enterprise have responded to or opposed the motion.

## DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."  *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998).  "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)."  *Inman v. American Home Furniture Placement, Inc.,* 120 F.3d 117, 118 n. 2 (8th Cir. 1997).  Thus, Rule 55 requires two steps before entry of a default judgment: "first, pursuant to Fed.R.Civ.P. 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to Fed.R.Civ.P. 55(b), the

moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 683 (N.D.Iowa 1995).  In this case, the Clerk of Court has entered the default of Greene and Greene Enterprise pursuant to Rule 55(a), completing the first step in the process toward default judgment.  The Court must now decide whether default judgment should be entered against the defendants pursuant to Rule 55(b)(2).

Whether to grant default judgment is a question within the discretion of the Court. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856 (8th Cir. 1995).  After default has been entered, the defendant is deemed to have admitted all well pleaded factual allegations in the complaint. *See Taylor v. City of Ballwin,* 859 F.2d 1330, 1333 n. 7 (8th Cir.1988); *see also* Fed.R.Civ.P. 8(b)(6) (stating that any allegation other than one relating to the amount of damages "is admitted if a responsive pleading is required and the allegation is not denied").  Before the Court enters a default judgment it must be satisfied that "the unchallenged facts constitute a legitimate cause of action." *Murray v. Lene,* 595 F.3d 868, 871 (8th Cir. 2010).

Although factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven by the plaintiff, to a reasonable degree of certainty. *See Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818–19 (8th Cir. 2001).  The party seeking default must document "the mathematical calculation used to reach the final amount in each category of damages requested," and the district court must provide specific, detailed findings regarding damage calculations in default judgments. *Stephenson v. El–Batrawi,* 524 F.3d 907, 916–17 (8th Cir. 2008) ("generic reference to evidentiary support for the damages determination" is insufficient; default judgment vacated and remanded for additional findings).

Here, Bank has failed to establish which causes of action entitle it to damages, and it has not submitted damage calculations or evidence to support damages.  Thus, judgment cannot be entered at this time.  Bank will be given an opportunity to supplement its motion for default judgment with a proposed calculation of damages for each cause of action it is pursuing, along with detailed

3

affidavits and supporting documentation in support of its proposed damage calculations.[1] Accordingly,

> IT IS ORDERED that, within 20 days after entry of this Order, Plaintiff must file additional materials necessary to establish the authority for an award of damages under the causes of action alleged in the complaint.  The amount of damages sought must be specifically documented with supporting affidavits and business records. Upon receipt of Plaintiff's submissions, the Court will determine if the damages sum is certain or if a hearing is necessary to determine the amount of damages prior to entry of judgment in this case.

Dated this _____ day of July, 2014.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:_____
        (SEAL)              DEPUTY

_____

[1]"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed.R.Civ.P. 54(c).