UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
OCT 3 0 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| FIRST BANK & TRUST d/b/a FIRSTLINE FUNDING GROUP, | * * * | CIV. 13-4017 |
| Plaintiff, | * * | MEMORANDUM OPINION AND ORDER GRANTING MOTION |
| vs. GREENE ENTERPRISE, LLC, and JAMES GREENE, | * * * * | FOR DEFAULT JUDGMENT |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The background of this case is set forth in this Court's Memorandum Opinion and Order issued on July 25, 2014. (Doc. 22.) For the reasons set forth in that Memorandum Opinion, and for the reasons discussed below, the Plaintiff's motion for default judgment, doc. 21, will be granted.

In support of its motion for default judgment against defendants James Greene and Greene Enterprise, LLC (Greene), Plaintiff Bank has filed an affidavit demonstrating amounts due to Bank, signed by Lori Gustaf, the Vice President of FirstLine Funding Group and an officer of Bank. (Doc. 25.) Lori Gustaf is personally aware of this matter and kept business records based on all disbursements and receipts involving Greene. *Id.* at ¶ 2. She sets forth an accounting of the amounts due and owing from August 10, 2011 through August 22, 2012, for a total of $572,808.97. The accounting is based on the Bank's internal record-keeping system. *Id.* at ¶ 3.

Bank has also filed an affidavit signed by its lawyer in this case, David Jencks. (Doc. 24.) David Jencks attests that Bank is seeking damages in the amount of $572,808.97 based on the breach of contract and conversion causes of action alleged against Greene in the Complaint. *Id.* at ¶ 4. He includes a copy of the same business records relied on by Lori Gustaf, explaining that the records show a calculation of each and every invoice paid directly to Greene "and/or money procured and converted by" Greene from Bank that has not been paid back to Bank. *Id.* at ¶ 6.

Before the Court enters a default judgment it must be satisfied that "the unchallenged facts constitute a legitimate cause of action." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Upon consideration of the complaint and the substantive merits of Bank's claims, the Court concludes that the complaint adequately alleges and supports the causes of action for conversion, breach of the Factoring and Security Agreement by Greene Enterprise and Greene, and breach of the Guaranty by Greene. The defendants' failure to answer or otherwise defend this case leaves no dispute that the Agreement and the Guaranty are valid contracts, that defendants breached those contracts, that any damages that can be proved resulting from the breach may be recovered by the Bank as party to the Factoring Agreement and from Greene based on his guaranty of Greene Enterprise's obligations. Thus, Bank is entitled to a default judgment. *See, e.g., McKie v. Huntley*, 620 N.W.2d 599, 603 (S.D. 2000) (under South Dakota law, to prove a breach of contract a plaintiff must show by a preponderance of the evidence that 1) an enforceable promise existed; 2) the defendant breached the contract; and 3) damages resulted from defendant's breach of the contract). Furthermore, Bank is entitled to default judgment on its conversion claim. *See, e.g., First Am. Bank & Trust, N.A. v. Farmers State Bank of Canton*, 756 N.W.2d 19, 31 (S.D. 2008) (to prove conversion under South Dakota law, a plaintiff must show: "(1) [plaintiff] owned or had a possessory interest in the property; (2) [plaintiff's] interest in the property was greater than the [defendant's]; (3) [defendant] exercised dominion or control over or seriously interfered with [plaintiff's] interest in the property; and (4) such conduct deprived [plaintiff] of its interest in the property"). The Court must now decide what damages to award Bank.

Allegations relating to the amount of damages must be proven to a reasonable degree of certainty. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001). The party seeking default must document "the mathematical calculation used to reach the final amount in each category of damages requested," and the district court must provide specific, detailed findings regarding damage calculations in default judgments. *Stephenson v. El–Batrawi*, 524 F.3d 907, 916–17 (8th Cir. 2008) ("generic reference to evidentiary support for the damages determination" is insufficient; default judgment vacated and remanded for additional findings). Bank has submitted supporting documentation for its calculation of damages sufficient for the Court to determine that

2

it is entitled to recover $572,808.97 for the defendants' breach of contract and conversion. The Court finds that an evidentiary hearing is not required here. Fed.R.Civ.P. 55(b)(2). Accordingly,

IT IS ORDERED that Plaintiff's motion for default judgment, doc. 21, and motion to supplement, doc. 23, are granted. Default judgment will be entered against the defendants, James Greene and Greene Enterprise, LLC, awarding Plaintiff $572,808.97 in damages.

Dated this 29th day of October, 2014.

BY THE COURT:

*Lawrence Piersol* (signature)
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Jennifer Stevens* (signature)
(SEAL)   DEPUTY